IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDIN A. CHACON,   No. C 11-00122 CW (PR)

    Plaintiff,   ORDER OF TRANSFER

  v.

J. CERRINI, et al.,

    Defendants.
_____/

    Plaintiff, a state prisoner incarcerated at the California Correctional Institution at Tehachapi (CCI), has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed in forma pauperis has been granted.

    In his complaint, Plaintiff alleges that on December 11, 2008, he was transferred from CCI to San Quentin State Prison (SQSP) to attend the trial of his civil rights action against medical personnel at Pelican Bay State Prison.[1] Plaintiff remained at SQSP until February 18, 2009, when he was transferred back to CCI.

    Plaintiff claims that during the approximately three months he spent at SQSP, Correctional Officer J. Cerrini retaliated against him for his lawsuit by refusing to allow him access to legal materials he required for his trial, verbally harassing him and calling him a "stool pigeon" in front of other inmates, falsely accusing him of misconduct in order to keep him in administrative segregation, and intentionally throwing a food tray at him.

    Further, Plaintiff maintains that after he returned to CCI in

---

[1] See Chacon v. Gallian, et al., Case No. C 05-04880 SI (PR).

February 2009, CCI institutional gang investigators T. Crouch and J. Tyree, and CCI appeals coordinator K. Sampson, retaliated against him for his lawsuit by revalidating Plaintiff as a gang member based on false evidence allegedly found by Cerrini in Plaintiff's cell at SQSP. Additionally, Plaintiff complains that after he was revalidated based on such evidence, he filed an administrative appeal at SQSP asking for the evidence to be removed from his file, but SQSP institutional gang investigator E. Patao and SQSP correctional lieutenant T. Amrhein-Conama retaliated against him by refusing to do so. Plaintiff seeks monetary damages and equitable relief.

Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).

In the present action, Plaintiff alleges facts concerning defendants and events in two different judicial districts. Specifically, SQSP is located in Marin County in the Northern District of California, and CCI is located in Kern County in the Eastern District of California. See 28 U.S.C. § 84(a),(b).

2

1 Consequently, under § 1391(b), venue is proper in either district.
2 Where, however, an alternative forum with greater relation to the
3 defendants or the action exists than the forum in which the action
4 was filed, the action may be transferred to such alternative forum
5 "[f]or the convenience of parties and witnesses, in the interest of
6 justice."  See 28 U.S.C. § 1404(a).

7     Here, the Court concludes the Eastern District would be a more
8 convenient forum because Plaintiff is incarcerated at CCI in the
9 Eastern District, the Defendants responsible for Plaintiff's
10 revalidation as a gang member all are employed at CCI, the decision
11 to rely on the alleged false report by Cerrini and to revalidate
12 Plaintiff as a gang member was made by Defendants at CCI,
13 Plaintiff's retaliation claim against Cerrini is in large part
14 based on Cerrini's alleged falsification of the report relied upon
15 to revalidate Plaintiff, and Plaintiff's claims against the two
16 SQSP Defendants other than Cerrini stem from Plaintiff's
17 unsuccessful attempts to have those Defendants remove Cerrini's
18 report from Plaintiff's file.

19     Accordingly, IT IS ORDERED in the interest of justice and for
20 the convenience of both the parties and the witnesses, and pursuant
21 to 28 U.S.C. § 1404(a), that this action be TRANSFERRED to the
22 United States District Court for the Eastern District of
23 California.

24     The Clerk of the Court shall transfer this matter forthwith.
25     IT IS SO ORDERED.

26 DATED: 10/5/2011

27                                    CLAUDIA WILKEN
                                      United States District Judge
28

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EDIN A. CHACON,

        Plaintiff,

v.

J. CERRINI et al,

        Defendant.

Case Number: CV11-00122 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 5, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edin A. Chacon K-30713
California Correctional Institution
4B/6B 105L
P.O. Box 1906
Tehachapi, CA 93581

Dated: October 5, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk